IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MISC. 3:13 MC 134



OCT 21 2013

IN THE MATTER OF

ADOPTING A PRO SE

SETTLEMENT ASSISTANCE

PROGRAM

**IMPLEMENTATION ORDER**

By Order signed on August 20, 2013 ("Establishment Order"), the Court established a Pro Se Settlement Assistance Program ("Program") for the Western District of North Carolina. This matter is before the Clerk, pursuant to the Establishment Order, for implementation of the Program.

It is hereby ORDERED that the Program shall be defined and shall operate as follows:

**I.  PURPOSE OF THE PROGRAM**

The purpose of the Program is to assist the administration of justice by providing civil pro se litigants with limited advice and representation at settlement conferences.

**II. SCOPE OF THE PROGRAM**

As directed by the Establishment Order, the Program will be available for voluntary application to all civil cases in which any party appears pro se, except for prisoner civil rights cases, cases filed under 28 U.S.C. §2254 or §2255, bankruptcy appeals, social security cases, and any case in which the U.S.

Government is a party (with the exception of Equal Employment Opportunity cases).

## III. OPERATION OF THE PROGRAM

### A. Opt In Notice Following Joinder of Issues

The initial stages of a pro se litigant's case will proceed along the normal course, including through the decision of any Rule 12 motions that may be asserted.

If the pro se case is not resolved or dismissed and issues join pursuant to Local Civil Rule 16.1, the pro se litigant will receive a Notice of Availability of Pro Se Settlement Assistance Program ("Opt In Notice") from the Clerk's Office. The purpose of the Opt In Notice is to inform the pro se litigant that the matter is eligible for the Program. Counsel for the opposing party/other parties will receive a copy of the Opt In Notice via the ECF system.

The Opt In Notice will advise the pro se litigant that the litigant has a period of fourteen (14) days within which to opt into the Program ("Opt in Period") by marking the Opt In Notice where indicated and returning it to the Clerk's Office.

The Opt In Notice will also advise the parties that the deadline for conducting an Initial Attorneys' Conference ("IAC") will be tolled during the Opt in Period. Requests for extension of the Opt in Period are discouraged but may be considered on a case-by-case basis if necessary.

## B. Identification of Program Counsel

If the pro se litigant either affirmatively opts out of the Program or does not respond to the Opt In Notice within the Opt in Period, the case will not be admitted into the Program and a regular IAC notice will be issued, advising the parties that an IAC must be conducted.

If the pro se litigant wishes to opt into the Program, the litigant must return the executed Opt In Notice to the Clerk within the fourteen (14) day Opt in Period.

The Clerk's Office will maintain a list of attorneys who are admitted to practice in the District and who have expressed a willingness to participate in the Program. Attorneys are encouraged to accept pro se matters involving subject areas in which they are competent. Attorneys who are newly admitted to practice, or otherwise are less experienced with mediation, are encouraged to shadow more experienced counsel and observe at least one (1) settlement conference before accepting representation individually.

Upon submission of the Opt In Notice by the pro se litigant, the Clerk's Office will consult its list of Program counsel, identify a potential Program attorney, and contact that attorney to request that the attorney accept limited representation of the pro se litigant.

The potential Program attorney will then perform a reasonably prompt conflict check on the involved parties. If the conflict check does not reveal a professional conflict, and the potential Program attorney has no other impediments (such as an immovable scheduling conflict) that would prohibit acceptance, the Program attorney should accept the representation.

If the conflict check reveals a professional conflict or if the Program attorney is otherwise unable to accept the representation of the pro se litigant, the Program attorney will notify the Clerk's Office and the Clerk's Office will contact another Program attorney from the list of Program counsel.

C. **Appointment of Program Attorney**

Once a Program attorney accepts the matter, the Program attorney will promptly confer with the pro se litigant. Both the Program attorney and the pro se litigant will then sign a Motion for Appointment of Program Counsel. The Program attorney will file this Motion within seven (7) days of accepting the case. A sample Motion is attached as Exhibit __A__.

If the Court finds the Motion should be allowed, the Court will enter an Order for Referral to Pro Se Settlement Assistance Program ("Referral Order"). The Referral Order will appoint the Program attorney as counsel for the pro se litigant for the limited purpose of appearing at a settlement conference. It

4

will also direct the parties to select a mediator within fourteen (14) days of the entry of the Referral Order, and to conduct a settlement conference within sixty (60) days of the entry of the Referral Order.

**D.   Settlement Conference**

After the Referral Order is entered, the parties will select a mediator and will file an appropriate Notice of Mediator Designation.

A mediated settlement conference will then take place and will follow the North Carolina Rules Implementing Statewide Mediated Settlement Conferences as adopted and amended by Local Civil Rule 16.3. Counsel and mediators will be encouraged to hold the settlement conference at a federal courthouse, where appropriate and subject to space availability.

Following the conclusion of the settlement conference, the mediator will file a Mediator's Report with the Court advising of the outcome of the conference. A sample Mediator's Report is attached as Exhibit  B  .

**E.   Steps Following the Settlement Conference**

If the case has been fully resolved during the settlement conference, the Program attorney will remain in the case for up to thirty (30) days to assist with the preparation of final settlement and closing documents.

If an impasse is declared, or if the case has not been resolved completely during the settlement conference, the Program attorney's representation will terminate upon the filing of the Mediator's Report. Should the pro se litigant retain the Program attorney to appear on behalf of the pro se litigant going forward pursuant to a private retention agreement, the Program attorney may make a general appearance in the matter thereafter through the filing of a Notice of Appearance. In cases that are not resolved during the settlement conference, a regular IAC notice will issue and the case will move forward into discovery, dispositive motions, and trial under the guidelines established by a Pretrial Order and Case Management Plan, or otherwise as directed by the presiding judicial officer.

This 21st day of October, 2013.

*Frank D. Johns*
THE HONORABLE FRANK JOHNS
CLERK OF COURT

EXHIBIT A

SAMPLE MOTION FOR APPOINTMENT

OF PROGRAM ATTORNEY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Case No.

|  |  |
|---|---|
| Plaintiff(s), ) ) ) ) ) | MOTION FOR APPOINTMENT OF PROGRAM ATTORNEY |
| v. ) ) ) |  |
| Defendant(s). ) |  |

Pursuant to the Pro Se Settlement Assistance Program of the Western District of North Carolina ("Program"), _____ and _____ respectfully request that _____ be appointed as settlement counsel for _____ in the above-referenced matter and that an Order for Referral to the Pro Se Settlement Assistance Program be entered. In support of this Motion, _____ and _____ show as follows:

1. _____ has been advised of the Program and has voluntarily elected to participate in the Program.

2. _____ has been contacted by the Clerk and has agreed to serve in the capacity of settlement counsel for the Pro Se Litigant in this matter pursuant to the Program guidelines.

3. _____ will not enter into any fee collection agreement or otherwise seek compensation from _____ for the performance of this limited representation.

4. _____ hereby acknowledges and agrees that _____ will provide only limited representation as contemplated by the Program, and will have no other duties or responsibilities with respect to the representation of the _____ in this matter. Specifically, _____ will provide representation in connection with settlement proceedings in this case only and has no obligation to conduct any discovery, to prepare or respond to any motions, or to appear for _____ at the trial of this case.

5. _____ also acknowledges that he/she will be required to pay a portion of the costs of mediation, including the mediator's fee, unless the Court determines that _____ is indigent or has reached some other agreement with the other party or parties to his/her case regarding payment of these costs.
6. With the appointment of _____ by the Court, the case will be ready to proceed through the Program.

WHEREFORE, _____ and _____ respectfully request that the Court enter an Order appointing _____ to represent _____ solely for the limited purpose of assisting said party in connection with settlement proceedings in this case with no obligation to conduct any discovery, to prepare or respond to any motions or for the trial of this case and ordering a settlement conference pursuant to the Program. _____ and _____ also request that _____ representation terminate following the completion of the Settlement Conference if an impasse is reported, or if settled, upon submission of settlement documents and the closing of the case file.

Respectfully submitted, this _____ day of _____, 20___.

_____  
Pro Se Litigant

s/  
NC Bar #

Phone #  
Email:

EXHIBIT B

SAMPLE MEDIATOR'S REPORT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No. **[######]**

|  |  |  |
|---|---|---|
| Plaintiff(s), | ) ) ) ) ) | |
| v. | ) ) ) ) ) | **MEDIATOR'S REPORT OF SETTLEMENT CONFERENCE PURSUANT TO PRO SE SETTLEMENT ASSISTANCE PROGRAM** |
| Defendant(s). | ) ) | |

On _____, the parties, their counsel, and the undersigned held a mediated settlement conference pursuant to this Court's Order dated _____ and the Pro Se Settlement Assistance Program.  The results of the mediated settlement conference were as follows:

☐ An agreement was reached on all issues.  The Court file will be closed by the filing of a notice/stipulation of dismissal within thirty (30) days.  Counsel for Plaintiff(s)/Defendant(s) shall be responsible for filing said dismissal.  The representation of Plaintiff(s)/Defendant(s) by Program Counsel shall terminate upon the filing of such dismissal or thirty (30) days from the date of the settlement conference, whichever first occurs.

☐ The parties reached agreement on the following issues:

_____
_____
_____
_____
_____

The representation of Plaintiff(s)/Defendant(s) by Program Counsel is hereby terminated pursuant to the Court's Order.

☐ The parties were unable to reach agreement on any issues and an impasse was declared.  The representation of Plaintiff(s)/Defendant(s) by Program Counsel is hereby terminated pursuant to the Court's Order.

All mediator fees have been paid or waived.

Reported this _____ day of _____, 20____.

List of Attendees:                    Mediator:

_____             _____

_____

_____

_____

_____

_____

# CERTIFICATE OF SERVICE

      I certify that on this _____ day of _____, 20____, this report was served by U.S. Mail and/or the ECF electronic notification system for registered users to the attorney(s) of record as listed below:

                                                                                                                      _____
                                                                                                                      [Mediator Name and Address]